IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
CIVIL ACTION NO.: 5:09-cv-12

| | |
|---|---|
| ROBERT L. REININGER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) |
| AZDEL, INC. RETIREMENT PLAN, | ) |
| | ) |
| Defendant. | ) |
| | ) |
| _____ | ) |

<u>ORDER GRANTING DEFENDANT'S PARTIAL MOTION TO DISMISS</u>

This Matter is before the court on Defendant's Partial Motion to Dismiss Count II of Plaintiff's Complaint and the accompanying Memorandum in Support (Documents 5, 7), filed April 20, 2009; Plaintiff's Response in Opposition to Motion (Document 10), filed May 1, 2009; and Defendant's Reply (Document 11), filed May 12, 2009. This matter is ripe for disposition.

**I. STATEMENT OF FACTS**

This action arises under 29 U.S.C. § 1132(a) of the Employee Retirement Income Security Act ("ERISA") between Plaintiff Robert L. Reininger ("Reininger") and his former employer's retirement plan, the Defendant AZDEL, Inc. Retirement Plan ("the Plan"). (Compl. ¶ 1.) Reininger brings this action for a determination of his pension benefits after the Plan's alleged refusal to pay according to the terms of the plan document dated January 1, 1992 ("1992 plan document") that was in effect at the time Reininger began receiving his pension. (Compl. ¶ 2.)

Reininger was the employee of General Electric Company ("GE") from 1969 until GE transferred him and other employees to the employment of AZDEL, Inc. ("AZDEL") in 1988 as a result of a joint venture between GE and AZDEL. (Compl. ¶ 1.) After remaining at AZDEL until November 1998, AZDEL terminated Reininger as a result of a reduction in force. (Compl. ¶ 1.)

Upon his termination, Reininger was assigned a retirement plan in which he was given credit for his prior service with GE, and thereafter, he immediately received retirement benefit payments of $2,495.04 per month. (Compl. ¶ 2.) Reininger's benefits were reduced twice – once at age 60 when Reininger began receiving a monthly pension from GE and again at age 62 when Reininger's entitlement to a social security supplement ceased. These reductions were in accordance with the terms of the 1992 plan document. (Compl. ¶ 2.) Thus, Reininger's pension was ultimately reduced from $2,395.04 to $958.54 per month. (Compl. ¶ 2.)

The 1992 plan document was amended twice after Reininger began receiving his pension. (Compl. ¶¶ 4-5.) Relevant to the present case, the second amendment to the 1992 plan document, made December 28, 2006 ("2006 Amendment"), changed how the benefits of transferred participants (e.g., an employee transferred from GE to AZDEL, Inc., such as Reininger) would be calculated. (Compl. ¶ 5.)

This 2006 amendment reduced the amount of payments that a transferred employee like Reininger would received under the Plan. Under the terms of the 1992 plan document, Reininger's monthly pension benefits are reduced by the amount of any payments received from Reininger's GE pension. (Compl. ¶ 4.) Under the 2006 amendment, however, the amount that is deducted is the actuarial equivalent of the benefit provided by GE. (Compl. ¶¶ 25-26.) Accordingly, recalculating Reininger's benefits using the methodology of the 2006 amendment

2

would result in a decreased payment of benefits to Reininger.

On June 18, 2008, the Plan notified Reininger that he received an overpayment of benefits under the 2006 amendment recalculation of his plan, and advised Reininger that if he did not make the repayments, his monthly pension would be reduced from $958.54 to $500.36 per month for the remainder of his lifetime. (Compl. ¶ 7.) The Plan, attributing the miscalculation to not offsetting the amount of his GE pension during the first 27 months of payments, claimed the overpayment plus interest was $56,408.32. (Compl. ¶ 7.) The Plan also advised Mr. Reininger that his monthly benefit was understated by $65.56 per month and that the total underpayment plus interest was $8,009.86. (Compl. ¶ 7.) Thus, the Plan demanded Reininger repay the Plan $48,398.47, the net of the claimed overpayments. (Compl. ¶ 7.) After refusing to repay the Plan, Reininger's monthly pension was reduced beginning August 1, 2008 as indicated by a June 18, 2008 letter. (Compl. ¶ 8.)

On November 7, 2008, Reininger appealed his reduction of benefits under the administrative remedies provided by the Plan, and the Plan upheld the reduction on December 11, 2008. (Compl. ¶ 9.) Following the denial of his appeal, Reininger brought this action for review of the Plan's determination under 29 U.S.C. §1132(a) of ERISA. (Compl. ¶¶ 9-10.)

Reininger argues that the 2006 amendment was inapplicable to him since both the plan document and federal law prohibit plan sponsors from retroactively reducing benefits to participants who are already receiving payments. (Compl. ¶ 5.) Reininger further alleges that, despite knowing the 2006 amendment was inapplicable to him, the Plan used that methodology to calculate his benefits. Thus, Reininger seeks relief from having the Plan apply this methodology retroactively to him. (Compl. ¶¶ 5-6.)

Reininger alleges eight counts of relief in his complaint. The first claim seeks to recover

3

benefits and enforce his rights under 29 U.S.C. §1132(a)(1)(B). Reininger asserts counts two through six seeking alternative relief under § 1132(a)(3) (Compl. ¶¶ 40-74.) The seventh and eighth counts also seek relief in the alternative. Counts seven and eight allege that the statute of limitations bars recoupment and that the Plan has no right to recover the overpayment from Reininger. (Compl. ¶¶ 67-74.)

Only the second claim for relief is at issue for purposes of this motion to dismiss. Reininger argues that the Plan breached it's duty to Reininger when it "provided incorrect information or misrepresented the amount of a monthly pension" to which Reininger was entitled during the period between November 1, 1998 through January 31, 2001. (Compl. ¶¶ 46-47, 49.) Reininger also asserts that his reliance on the Plan's misrepresentations resulted in sustained substantial financial harm because his monthly pension has been drastically reduced in comparison to his initial expectations. (Compl. ¶¶ 47-48.)

In response to this complaint, the Plan has filed a motion to dismiss the Second Claim for relief under § 1132(a)(3) for the Plan's alleged "breach of fiduciary duty". (Doc. 5 ¶ 5.)

## II. DISCUSSION

### A. Standard of Review

Pursuant to Federal Rule of Civil Procedure 12(b)(6), a defendant may move to dismiss a complaint where the plaintiff fails to state a claim upon which relief may be granted. Under Federal Rule of Civil Procedure 8(a), the complaint must state a claim showing that the pleader is entitled relief. To withstand a dismissal, the complaint must set forth "enough facts that state a claim to relief that is plausible on its face" and show the defendant inflicted a legally cognizable harm upon the plaintiff. *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009). In

4

considering the plausibility of a claim, the Court must disregard conclusory statements unsupported by factual allegations, but "where there are well-pleaded factual allegations, a court should assume the veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.* During its analysis, the Court should use its "judicial experience and common sense." *Id.*

**B. Whether a Plan is a Fiduciary**

In his claim for breach of fiduciary duty, Reininger argues that the Plan breached the fiduciary duty it owed to Reininger to the extent it provided "incorrect information or misrepresented the amount of monthly pension to which Mr. Reininger was entitled during the period November 1, 1998 through January 1, 2001." (Compl. ¶ 46.) The Plan seeks dismissal of this claim, arguing that because it is not a fiduciary for purposes of 29 § 1132(a)(3) plaintiff cannot establish a claim for breach of fiduciary duty.[1] This Court agrees with the Plan's argument that the Plan is not a fiduciary and will accordingly GRANT the Plan's partial motion to dismiss.

Under 29 § 1132(a)(3), a participant or beneficiary may bring a civil action to "recover benefits due to him under the terms of his plan." A participant, beneficiary, or fiduciary may also bring, when appropriate, a claim for equitable relief "to redress such violations or to enforce the terms of the plan." *See* 29 § 1132(a)(3); *Varity Corp. Howe*, 516 U.S. 489, 502 (1996). The U.S. Supreme Court recognizes the right of a "participant to sue a person acting as a fiduciary

---

[1] The Plan also argues that it is entitled to dismissal of the second claim because the breach of fiduciary claim seeks the same relief as Reininger's first claim and is therefore barred. Because the Plan's argument that the Plan is not a fiduciary for purposes of this suit is successful, this court need not address the Plan's alternative grounds for dismissing the second claim.

5

under an ERISA plan for breach of fiduciary duty, and to seek relief pursuant to 29 U.S.C. § 1132(a)(3)." *Id.* In order to establish such a cause of action, the plaintiff must show the following: 1) the defendants were fiduciaries of the ERISA plan, 2) the defendants breached their fiduciary responsibilities under the plan; and 3) the participant is in need of injunctive or "other appropriate or equitable relief" from the court to remedy the violation or enforce the plan. *Blair v. Young Phillips Corp.*, 235 F. Supp.2d 465, 470 (M.D.N.C. 2002)(citations omitted).

Reininger's claim fails because he cannot establish the first element of the claim for breach of fiduciary duty. Under ERISA, a "fiduciary" is a particular kind of person. ERISA defines the term "person" as "an individual, partnership, joint venture, corporation, mutual company, joint-stock company trust, estate, unincorporated organization, association, or employee organization." 29 U.S.C. § 1002(9). Notably, an employee benefit plan is not included in this definition. ERISA also provides a definition for the term "fiduciary":

> "Except as otherwise provided in subparagraph (B), *a person* is a fiduciary with respect to a plan to the extent (i) he exercises any discretionary authority or discretionary control respecting management of such plan or exercises any authority or control respecting management or disposition of its assets, (ii) he renders investment advice for a fee or other compensation, direct or indirect, with respect to any moneys or other property of such plan, or has any authority or responsibility to do so, or (iii) he has any discretionary authority or discretionary responsibility in the administration of such plan. Such term includes any person designated under section 1105(c)(1)(B) of this title." 29 U.S.C. § 1002 (21)(A) (emphasis added).

Reininger's second claim fails because a plan is not included in the definition of "person" and therefore the Plan is not a fiduciary. *See Ranke v. Sanofi-Sunthelabo, Inc.,* 2004 WL 2473282, *2 (E.D.Pa. 2004) (holding that plans are not subject to fiduciary duty requirements and granting motion to dismiss plaintiff's breach of fiduciary duty claim against plans); *see also Adams v. Koppers Co., Inc.*, 684 F.Supp. 399, 400-01 (W.D.Pa. 1988) (dismissing ERISA § 510 claim against defendant retirement plan on the grounds that a plan cannot be a "person");

*Boucher v. Williams*, 13 F.Supp. 2d 84, 93 (D.Me. 1998) (holding that plan is not a "person" for the purposes of fiduciary liability under ERISA § 404). Because the Plan is not a fiduciary, and owes Reininger no fiduciary duties, Reininger has not adequately pled a breach of fiduciary duty claim against the Plan.

Reininger argues that the Plan is a proper party subject to a claim for breach of fiduciary duty because ERISA states that a plan is a legal entity that may sue and be sued. *See* 29 U.S.C. § 1132(d)(1). Such an argument is unpersuasive. Simply because ERISA generally allows a plan to sue and be sued does not override specific statutory language defining a fiduciary. Reininger cites *U.S. Steel Min. Co., Inc. v. District 17, United Mine Workers of America*, 897 F.2d 149, 152 (4th Cir. 1990), in an attempt to establish that the Fourth Circuit has held that a plan is a fiduciary. Such a case is inapposite. *United Mine Workers of America* addresses whether a particular plan has standing to bring a suit under § 1132(a)(3), not whether a plan can be sued for breach of fiduciary duty.

Even when viewing the facts in the light most favorable to Reininger, AZDEL is not a fiduciary, and Reininger cannot establish the first element of his claim for breach of fiduciary duty.

## III. CONCLUSION

Therefore, it is ORDERED that Defendant's Partial Motion to Dismiss is GRANTED. Accordingly, this court will dismiss Reininger's Second Claim for Relief for breach of fiduciary duty pursuant to Federal Rule of Civil Procedure 12(b)(6).

Signed: February 28, 2011

Richard L. Voorhees
United States District Judge